UNITED STATES (MARTIN v.). See Case No. 9,168.

## Case No. 15,733.

### UNITED STATES v. The MARY MERRITT.

[2 Chi. Leg. News, 90.]

District Court, D. Wisconsin. Dec. 18, 1869.[1]

FORFEITURE—TRADE REGULATIONS.

Information charging forfeiture of vessel under act of congress.

Claimant filed an exception to the information that it is not alleged that neither the government of England nor of Canada have adopted a regulation similar to the above.

The exception was argued by the district attorney and Mr. Lynde for the United States, and by Emmons & Van Dyke for the claimant.

It being understood that no such regulation had been made by either the said governments of Great Britain or of the dominion of Canada, an amendment of the information in this respect was not proposed. It was thereupon ordered by THE COURT that the information be dismissed.

MILLER, District Judge. The information charged, as cause of forfeiture of this vessel, that, being the property of citizens of the United States, and built in Canada, she arrived at the port of Milwaukee from the port of Kingston, Canada, where she received her cargo of pig iron, the product and manufacture of Canada. The information was brought under section 1 of an act concerning the navigation of the United States, approved March 1, 1817 (3 Stat. 351): "That after the thirtieth day of September next no goods, wares or merchandise shall be imported into the United States from any foreign port or place, except in vessels of the

----

[1] [Reversed in Case No. 9,222. Decree of circuit court affirmed by supreme court in 17 Wall. (84 U. S.) 582.]

United States, or in such foreign vessels as truly and wholly belong to the citizens or subjects of that country of which the goods are the growth, production or manufacture, or from which such goods, wares or merchandise can only be, or most usually are, first reshipped for transportation; provided, nevertheless, that this regulation shall not extend to the vessels of any foreign nation which has not adopted, and which shall not adopt a similar regulation."

[NOTE. The decree in this case dismissing the libel was reversed, upon appeal, by the circuit court. Case No. 9,222. The decree of the circuit court forfeiting the vessel was affirmed by the supreme court. 17 Wall. (84 U. S.) 582.]